FILED
FEB 28 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,
v.
Rodrigo VELASQUEZ-Cota (1),
Defendant.

Magistrate Case No. **08MJ8115**

**FINDINGS OF FACT AND ORDER OF DETENTION**

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on February 11, 2008, to determine whether defendant Rodrigo VELASQUEZ-Cota, should be held in custody pending trial on the grounds that he is a flight risk. Assistant U. S. Attorney John F. Weis appeared on behalf of the United States. Court-appointed counsel Robert Carriedo appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services report, and the criminal complaint issued against the Defendant on February 7, 2008, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///

///

///

///

# I

## FINDINGS OF FACT

A. Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

1. The Defendant is charged in Criminal Complaint No. 08MJ8115 with the importation of 24.86 kilograms (54.69 pounds) of cocaine in violation of 21 U.S.C. § 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801 et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

3. The offense carries with it a minimum mandatory 10 year sentence and a maximum life sentence. See 21 U.S.C. § 960(b)(1)(B). According to the United States Sentencing Guidelines, the Base Offense level is 34. See USSG § 2D1.1(3). Assuming the Defendant's criminal history score places him in Criminal History Category I, See USSG § 4A1.1, the sentencing range for the Defendant is 151-188 months in prison.

B. Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):

1. On February 6, 2008, the principal defendant Rodrigo VELASQUEZ-Cota was the driver and co-defendant RUIZ-Montenegro was the passenger of a 2005 Dodge Stratus as they entered the West Calexico, California, Port of Entry. During pre-primary, a Narcotic Detector Dog alerted to the 2005 Dodge Stratus. Principal defendant VELAZQUEZ, co-defendant RUIZ, and the vehicle were escorted to the secondary inspection area. A subsequent inspection of the vehicle resulted in the discovery of 24.86 kilograms (54.69 pounds) of cocaine. A registration certificate was found in the vehicle showed that the principal Defendant VELAZQUEZ was the registered owner of the vehicle. Co-defendant RUIZ admitted knowledge of the narcotics concealed within the vehicle. RUIZ stated that the principal defendant VELAZQUEZ told her there were controlled substances concealed in the vehicle and he agreed to pay co-defendant RUIZ $500.00 for her participation in the smuggling venture.

C. History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3):

1. The Defendant is a United States citizen.

2. The Defendant resides with his parents and son in Seeley, California.

3. The Defendant is employed as a field worker.

D. <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)</u>:

1. The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. The Defendant has the following criminal history:

02/09/99 – 496(A) PC Receive/Etc. Known Stolen Property – Dismissed

08/28/99 – 11550(A) H&S Use/Under Influence Controlled Substance (No Disposition)

04/28/03 – Bench Warrant – 261.5 PC Unlawful Sexual Intercourse w/Minor

08/06/04 – Count 1: Bench Warrant 11364 H&S Possess Control Substance Paraphernalia
Count 2: Bench Warrant 14601.1(A) VC Drive While License Suspend/Etc.

09/07/05 – Count 1: Warrant 11364 H&S Possess Control Substance Paraphernalia
Count 2: 11364 H&S Possess Control Substance Paraphernalia
Prosecution Rejected – Lack of Sufficient Evidence

03/27/06 – Sheriff's Department – El Centro
Count 1: 11360(A) H&S Sell/Furnish/Etc. Marijuana/Hash (No Disposition)
Count 2: 11359 H&S Possess Marijuana for Sale (No Disposition)

03/29/06 – Sheriff's Department – San Diego
11359 H&S Possess Marijuana for Sale (No Disposition)

06/31/06 – Sheriff's Department – Bakersfield
11360(A) H&S SellFurnish/Etc. Marijuana/Hash – Released/Detention Only

09/15/06 – Count 1: Warrant 273.5 PC Inflict Corporal Injury on Spouse/Cohabitant
Count 2: Warrant 11359 H&S Possess Marijuana for Sale

01/05/07 – Count 1: 11360(A) H&S SellFurnish Marijuana/Hash – Dismissed
Count 2: 11359 H&S Possess Marijuana for Sale – Dismissed

08/22/07 – Count 1: 23152(A) VC DUI Alcohol/Drugs w/priors (No Disposition)
Count 2: 11550 H&S Use/Under Influence Controlled Substance (No Disposition)
Count 3: 11364 H&S Possess Control Substance Paraphernalia (No Disposition)

12/06/07 – Count 1: 11364 H&S Possess Control Substance Paraphernalia
Count 2: Warrant 11364 H&S Possess Control Substance Paraphernalia
Count 3: Warrant 23153(A)VC DUI Alcohol/Drugs Cause Bodily Injury
Count 4: Warrant 12951(A) VC Drive Without Valid License
Count 5: Warrant 16028(A) VC Fail Prove Financial Responsibility: PO Request

12/11/07 – Warrant 1203.2(A) PC Probation Violation Rearrest/Revoke

01/07/08 – 11377(A) H&S Possess Controlled Substance (No Disposition)

01/23/08 – Count 1: 11377(A) H&S Possess Controlled Substance (No Disposition)
Count 2: 11364 H&S Possess Controlled Substance Paraphernalia (No Disposition)
Count 3: 14601(A) VC Drive: Suspend/Etc. License: Reckless (No Disposition)
Count 4: 475(C) PC Pass Completed Checks/Etc. Defraud (No Disposition)

II

REASONS FOR DETENTION

A. There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint Number 08MJ8115, to wit: the importation of 24.86 kilograms (54.69 pounds) of cocaine in violation of 21 U.S.C. § 952 and 960.

B. The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. He therefore has a strong motive to flee.

C. The Defendant has not rebutted the presumption, based upon the Court's findings that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

III

ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

///

///

///

///

///

///

///

///

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.
DATED: 2-28-08.

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney

JOHN F. WEIS
Assistant U. S. Attorney

cc: Robert Carriedo
Counsel for Defendant